IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARSHALL PHILLIPS**                                             **PETITIONER**

v.                                                           **NO. 4:20-CV-6-DMB-RP**

**MARSHALL TURNER,**
**Superintendent, et al.**                                          **RESPONDENTS**

## ORDER

On February 17, 1995, Marshall Phillips was sentenced in the Circuit Court of Coahoma County, Mississippi, to thirty years imprisonment for the crime of armed robbery and twenty years imprisonment for the crime of aggravated assault, with such sentences to run concurrently. Doc. #8-1. On or about January 14, 2020, Phillips filed in the United States District Court for the Northern District of Mississippi a pro se petition for a writ of habeas corpus. Doc. #1.

After being directed to respond to the petition,[1] the respondents filed a motion to dismiss the petition. Doc. #8. Phillips filed an "objection" to the motion to dismiss and a "declaration" in support of the objection. Docs. #12, #13. The respondents replied in support of the motion to dismiss. Doc. #15. Phillips then filed a "rebuttal" to the reply.[2] Doc. #17.

## I
## Habeas Standard of Review

Except in those rare instances when exhaustion of state remedies is excused, section 2254 "does not permit a federal court to grant a habeas application unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783, 791

---

[1] Doc. # 5.

[2] This filing is, in substance, an unauthorized surreply. However, insofar as Phillips is proceeding pro se and the filing helps to clarify his claims, the Court will consider it. *See Riggs v. Boeing Co.*, 12 F. Supp. 2d 1215, 1218 (D. Kan. 1998).

(5th Cir. 2012). To establish legal error, "the applicant must show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* (quotation marks omitted). "To establish factual error … the applicant must show that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (quotation marks omitted).

## II
## Analysis

Phillips' petition asserts three grounds for relief: (1) he is being denied earned time in violation of the Due Process Clause (Ground One), Doc. #1 at PageID 5; (2) he is being denied earned time in violation of the Equal Protection Clause (Ground Two), *id.* at PageID 12; and (3) the Mississippi Department of Corrections' earned time policies are "discriminatory" (Ground Three), *id.* at PageID 14.³ The respondents argue that none of the grounds justify habeas relief because "a prisoner has no constitutionally protected liberty interest in 'earned-discharge credits.'" Doc. #8 at 7.

### A. Ground One – Due Process

"Federal habeas relief cannot be granted unless the petitioner alleges that he has been deprived of some right secured to him by the United States Constitution or the laws of the United States." *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007) (quotation marks omitted). In

---

³ The defendants characterize the petition as also challenging Phillips' eligibility for parole. *See* Doc. #8 at 3. However, the petition does not appear to raise such a claim. Furthermore, Phillips' "objection" makes clear his claims relate to earned time. *See* Doc. #12 at 1 ("Petitioner never raised any claim about parole at all."). His surreply is similarly clear. *See* Doc. #17 at 1 ("Respondents in their reply keep bringing up parole."). The Court notes, however, that to the extent Phillips' petition asserts a claim for entitlement to parole, such claim would fail for the same reasons as the claims for earned credit—he has no liberty interest in the asserted right and any classification based on his crimes would survive rational basis scrutiny. *See Wansley v. Miss. Dep't of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014) ("Parole … is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole.").

2

Ground One, Phillips argues the respondents have denied him earned time credits in violation of the Due Process Clause because "[a]ccording to MSC 47-5-138 and MDOC Policies you can receive 50% of earn time on the non mandatory portion of armed robbery sentence." Doc. #1 at PageID 5.

"The procedural protections of the due process clause are triggered only where there has been a deprivation of life, liberty, or property." *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). Where, as here, a prisoner's life and property are not at stake, "the threshold question is whether he had a liberty interest that the prison action implicated or infringed." *Id.* (quotation marks omitted).

"State laws … may create liberty interests protected by the Due Process Clause. In those situations, federal due process law sets the minimum procedures that are required before the state can deprive a person of that liberty interest." *Wansley v. Miss. Dep't of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014) (internal citation omitted). When state law provides an inmate with a means for an earlier release, a liberty interest in that program will arise when entitlement is "mandatory." *Id.* When entitlement is discretionary (or there is no entitlement at all), there will be no liberty interest. *Id.*

Pursuant to Miss. Code Ann. § 47-5-138, the statute cited by Phillips:

> The department may promulgate rules and regulations to carry out an earned time allowance program based on the good conduct and performance of an inmate. An inmate is eligible to receive an earned time allowance of one-half ( ½ ) of the period of confinement imposed by the court except those inmates excluded by law. When an inmate is committed to the custody of the department, the department shall determine a conditional earned time release date by subtracting the earned time allowance from an inmate's term of sentence. This subsection does not apply to any sentence imposed after June 30, 1995.

Miss. Code Ann. § 47-5-138(1).

By the terms of this statute, an inmate is not eligible to receive earned time credits when he is otherwise excluded by law. And inmates convicted of armed robbery after October 1, 1994, are ineligible for earned time credits. *Neal v. MDOC Recs. Dep't*, 115 So. 3d 894, 895–96 (Miss. Ct. App. 2013). Because there is no dispute Phillips was convicted of armed robbery after October 1, 1994, it follows that he is ineligible for earned time credits. Accordingly, he has no liberty interest in the credits and his due process claim fails.

### B. Grounds Two and Three – Equal Protection

The legal arguments advanced by Phillips in Grounds Two and Three are difficult to follow but seem to amount to a claim that it is "discrimination" and a violation of Equal Protection for the state to bar earned time credits to those convicted of armed robbery. To the extent the Court is aware of no free-standing claim for discrimination, the Court treats both grounds as asserting a violation of Equal Protection.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville*, 858 F.3d 348, 353 (5th Cir. 2017). To establish an equal protection claim, a plaintiff must show that "two or more classifications of similarly situated persons were treated differently." *Id.* If the classifications are based upon a "suspect class" or if the law impinges upon a fundamental right, the law is evaluated under strict scrutiny. *Id.* Otherwise, the law "need only bear a rational relation to a legitimate governmental purpose." *Id.*

"A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." *Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998). Furthermore, "[t]he State has a legitimate state interest in prohibiting certain

4

violent offenders from obtaining early release." *Gordon v. Perry*, 259 F. App'x 651, 653 (5th Cir. 2007). Accordingly, Phillips' equal protection claims premised on a proposed classification of those convicted of armed robbery fail and the motion to dismiss must be granted.[4]

## IV
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## V
## Conclusion

The respondents' motion to dismiss [8] is **GRANTED**. Phillips' petition for a writ of habeas corpus [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 11th day of March, 2021.

/s/Debra M Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Having reached this conclusion, the Court need not address the respondents' alternative, and somewhat conclusory, argument that Phillips failed to exhaust his claims. *See* Doc. #8 at 9–10.